UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN MURPHY,

    Plaintiff,

v.                                                      Case No. 21-cv-52-pp

WISCONSIN DEPARTMENT OF CORRECTIONS,
WISCONSIN DIVISION OF COMMUNITY
CORRECTIONS, KENDRA HEEREY,
and ROSE MARIE BARANEK,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ORDER WAUPUN BUSINESS OFFICE TO FOLLOW PRISON POLICY (DKT. NO. 12) AND GRANTING PLAINTIFF ADDITIONAL TIME TO PAY INITIAL PARTIAL FILING FEE**

On February 2, 2021, the court granted the plaintiff's motion to use his release account to pay the initial partial filing fee of $1.71. Dkt. No. 11. The plaintiff now asks the court to order M. Hille from the business office at Waupun Correctional Institution to follow DAI Policy #309.51.01. Dkt. No. 12. The plaintiff says that that policy allows him to use a legal loan to pay for envelopes and postage in legal matters, which he has done in his previous lawsuits in this court and the Seventh Circuit Court of Appeals. Id. at 2. On April 23, 2020, however, the Department of Corrections began giving every inmate two free, pre-stamped envelopes every two weeks to keep in contact with loved ones during the COVID-19 pandemic. Id.; Dkt. No. 12-1 at 4. The plaintiff says the new envelope policy did not affect the previous DAI policy allowing him to buy additional envelopes using his legal loan. Dkt. No. 12 at 2.

He says, however, that Hille has refused to allow him to use his legal loan to purchase an envelope to mail the $1.71 initial partial filing fee to the court and instead told him to "use one of your free envelopes." Id.; Dkt. No. 12-1 at 1. The plaintiff insists that if the court does not order Hille to allow the plaintiff to use his legal loan to buy an envelope, the court should hold this case in abeyance until the plaintiff exhausts his administrative remedies at the prison against Hille. Dkt. No. 12 at 2–3. He says he does not currently have any free envelopes, even "if [he] wanted to use them." Id. at 3.

The court will not hold this case in abeyance. Whether the plaintiff is asserting that he has been denied property to which he is entitled (envelopes) or that the prison has violated its own policy, he must seek relief in state court, not in federal court. See Cole v. Litscher, 343 F. Supp. 2d 733, 742 (W.D. Wis. 2004) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)) (deprivations of property); Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017) (citing Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003)) (prison regulations or policies).

The court will give the plaintiff additional time to pay the initial partial filing fee. He must pay that fee in time for the court to *receive* it by the end of the day on **March 26, 2021**. If the court does not receive the initial partial filing fee by the end of the day on March 26, 2021, the court will dismiss the case for the plaintiff's failure to pay the initial partial filing fee.

The court will send a copy of this order the warden at Waupun Correctional Institution.

2

Case 2:21-cv-00052-PP   Filed 02/22/21   Page 2 of 3   Document 13

The court **ORDERS** that the plaintiff's motion to order the Waupun business office to follow prison policy is **DENIED**. Dkt. No. 12.

The court **ORDERS** that the plaintiff must pay the $1.71 initial partial filing fee in time for the court to receive it by the end of the day on **March 26, 2021**. If the court does not receive the initial partial filing fee by the end of the day on March 26, 2021, the court will dismiss the case.

Dated in Milwaukee, Wisconsin this 22nd day of February, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**